# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID POE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HUCKABAY, et al.,<br><br>　　　　Defendants.<br>_____ / | CASE NO. 1:07-cv-00413-AWI-YNP PC<br><br>ORDER REQUIRING PLAINTIFF EITHER TO NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE OR TO FILE THIRD AMENDED COMPLAINT<br><br>(Doc. 32)<br><br>RESPONSE DUE WITHIN 30 DAYS |

Plaintiff David Poe ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and was incarcerated at Pleasant Valley State Prison in Coalinga, California at the time the events in his complaint took place. Plaintiff is suing under section 1983 for the violation of his rights under Eighth and Fourteenth Amendments to the U.S. Constitution. Plaintiff names D. Huckabay (sergeant), J. L. Scott (lieutenant), Yates (warden), E. H. Beels (captain), Galvan (sergeant), W. K. Myers (lieutenant), R. Milan (officer), J. M. Mattingly (officer), Franco (officer), Soares (officer), M. Jiminez (officer), T. Bullock (officer), K. Witt (officer), D. D. Rose (officer), Carminati[1] (officer), White (officer), D. Hall (licensed vocational nurse), and J. Carr (licensed vocational nurse) as defendants. For the reasons set forth below, the Court finds that Plaintiff's Second Amended Complaint states some cognizable claims and orders

---

[1] Plaintiff refers to both an officer Carminati (Compl. ¶ 10) and Caminati (Compl. 13). The Court assumes Plaintiff is referring to the same person.

1

Plaintiff either to notify the Court of his willingness to proceed only on the claims found to be cognizable, or to file an amended complaint curing the deficiencies in his non-cognizable claims.

**I.      Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

///

///

///

## II. Background

### A. Procedural Background

Plaintiff filed the Original Complaint in this action on February 28, 2007. (Doc. #1.) Plaintiff's Original Complaint was screened and dismissed on December 10, 2008. (Doc. #20.) Plaintiff was given leave to file an amended complaint. Plaintiff filed his First Amended Complaint on June 1, 2009. (Doc. #28.) Plaintiff, on his own initiative and before the Court had screened his First Amended Complaint, filed a Second Amended Complaint on July 14, 2009. (Doc. #32.) This action proceeds on Plaintiff's Second Amended Complaint.

### B. Factual Background

Plaintiff claims that correctional officers used excessive force against him in violation of the Eighth Amendment after Plaintiff accidently hit a correctional officer. On September 7, 2005, Plaintiff was sweeping the floor at PVSP. Plaintiff was suddenly startled by the sound of people rushing behind him. Plaintiff claims that he instinctually turn around and swung blindly toward the sound of the onrushing persons. Plaintiff then realized that he had struck correctional officer Fountain. Correctional officer D. Do ordered Plaintiff to get on the ground. Plaintiff was handcuffed and Plaintiff was escorted away by Defendants Huckabay, Milan, Mattingly, Franco, Soares, Jiminez, Bullock, Witt, Rose, Carminati, White, and Deathridge[2]. The officers punched, kicked, slapped, spit on, pushed, and shoved Plaintiff as they escorted him. As the group exited the dayroom area, Defendant Huckabay told his subordinate officers to "[b]ust his head on the steal door!!" (Compl. ¶ 12.) Plaintiff was then rammed head first into the steel door. Officers continued beating Plaintiff with their batons, fists, and feet. When Plaintiff was brought out of the building, Defendant Galvan and other unknown officers joined in on beating Plaintiff.

Defendant Huckabay eventually ordered officers to place leg restraints on Plaintiff and that a gurney be brought out. Plaintiff was then thrown to the ground by Defendants Franco and Milan. After leg restraints were placed on Plaintiff, Defendant Franco stood on top of the leg restraints to intentionally cause extreme pain from the pressure on Plaintiff's ankle. Plaintiff began screaming

---

[2] Officer Deathridge is not named as a defendant.

3

for help. Plaintiff alleges that by this point, J. L. Scott was present and observed Plaintiff's beating but did not intervene. Plaintiff was placed on the gurney and the beatings continued while he was escorted to the medical clinic.

Defendant D. Hall conducted Plaintiff's medical examination. Plaintiff claims that Hall only documented some of the many injuries suffered by Plaintiff. After the medical evaluation, Plaintiff was transported to the administrative segregation unit ("ASU"). During transport, Defendant Soares rode in the back of the cart with Plaintiff and struck him in the eye several times. Upon arrival at the ASU, Plaintiff was examined again by Defendant J. Carr. Plaintiff complains that Carr did not fully document Plaintiff's comments and injuries.

Plaintiff was eventually housed with inmate Garcia. Garcia began to plead with ASU nursing staff to provide urgent medical care for Plaintiff because his legs were grotesquely swollen. Plaintiff was examined by Carr on September 7, 2005, but Plaintiff did not see a doctor. Plaintiff continued to complain to medical personnel about dizziness, headaches and other pains in his head.

Plaintiff filed numerous complains about the incident to Defendant Yates, requesting investigations and appropriate action be taken. Plaintiff also claims that Defendants E. H. Beels and W. K. Myers, along with Huckabay, authored and issued a fraudulent disciplinary action report against Plaintiff.

**III.    Discussion**

    **A.    Eighth Amendment Claims**

Plaintiff claims that Defendants violated his rights under the Eighth Amendment. The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1968)). A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious", Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991), and (2) the subjective requirement that the prison official has a "sufficiently culpable state of mind", Id. (quoting Wilson, 501 U.S. at 298). The objective requirement that the deprivation be "sufficiently serious" is met where the prison

4

official's act or omission results in the denial of "the minimal civilized measure of life's necessities". Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The subjective requirement that the prison official has a "sufficiently culpable state of mind" is met where the prison official acts with "deliberate indifference" to inmate health or safety. Id. (quoting Wilson, 501 U.S. at 302-303). A prison official acts with deliberate indifference when he/she "knows of and disregards an excessive risk to inmate health or safety". Id. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

### 1.    Use of Excessive Force

Plaintiff claims that Defendants violated his Eighth Amendment rights by brutally attacking him, causing serious injuries. Where prison officials are accused of using excessive physical force, the issue is "'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" Hudson v. McMillian, 503 U.S. 1, 6 (1992) (quoting Whitley v. Albers, 475 U.S. 312, 320-321 (1986)). Factors relevant to the analysis are the need for the application of force, the relationship between the need and the amount of force that was used and the extent of the injury inflicted. Whitley, 475 U.S. at 321. Other factors to be considered are the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them, and any efforts made to temper the severity of a forceful response. Id. The infliction of pain in the course of a prison security measure "does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied was unreasonable, and hence unnecessary." Id. at 319. Prison administrators "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Id. at 321-322 (quoting Bell v. Wolfish, 441 U.S. 520, 547 (1970)).

Plaintiff states a cognizable Eighth Amendment claim against the defendants that attacked him. Plaintiff also states a cognizable Eighth Amendment claim against defendants who were present during the attack, and had a reasonable opportunity to prevent the attack. Although some use of force may have been justified to subdue Plaintiff after he struck a correctional officer, the

extent of the force alleged was clearly excessive. Therefore, Plaintiff states a cognizable claim against Defendants Huckabay, Milan, Mattingly, Franco, Soares, Jiminez, Bullock, Witt, Rose, Carminati, White, Galvan, and Scott.

However, Plaintiff does not state a cognizable Eighth Amendment claim against defendants who fabricated reports about the incident, failed to fully document his injuries, or failed to fully document his comments about the attack. Those actions occurred after the attack was completed, therefore, those actions did not cause or contribute to the unconstitutional use of force. While the alleged conduct in covering up the incident may have been wrongful, it does not rise to the level of a constitutional violation under the Eighth Amendment.

### 2. Denial of Medical Treatment

Plaintiff alleges that he was in serious need of medical treatment for the injuries he sustained from the beating and his requests for treatment were ignored. "[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." Estelle v. Gamble, 429 U.S. 97, 105 (1976). "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (quoting Estelle, 429 U.S. at 104). Delay of medical treatment can amount to deliberate indifference. See Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Clement v. Gomez, 298 F.3d 898, 905 (9th Cir. 2002); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc); Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); McGuckin, 974 F.2d at 1059; Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988).

Plaintiff alleges that his cell mate begged and plead with "Ad Seg Nursing staff" to provide urgent medical care for Plaintiff because his legs were grotesquely swollen and Plaintiff was suffering from a tremendous amount of pain. Defendant Carr examined Plaintiff but Plaintiff was not examined by a doctor until six days after the beatings took place. However, Plaintiff does not allege how the delay was caused by Carr. Plaintiff does not allege that Carr purposefully delayed Plaintiff's examination from the doctor, or identify anything that Carr could have done to treat

Plaintiff but failed to do. Plaintiff does not allege that he requested specific treatment and that request was denied by Carr. Thus, Plaintiff has not alleged that Carr acted with deliberate indifference. Plaintiff fails to state a cognizable claim against Carr for violation of the Eighth Amendment through deliberate indifference to his serious medical needs. Plaintiff will be given the opportunity to amend his claim to fix the deficiencies identified by the Court.

### B.     Fourteenth Amendment Claims

Plaintiff alleges that Defendants violated his rights under the Fourteenth Amendment. However, under Plaintiff's Fourteenth Amendment claim, Plaintiff only reiterates that he suffered serious injury from the brutal attack, and that Defendants violated their "Enforcement Peace Officer Oaths and Contracts" and cites to California Department of Corrections and Rehabilitation regulations. (Compl. 12.)

Plaintiff alleges that his rights under both the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment were violated. The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). A plaintiff may establish an equal protection claim by showing that the plaintiff was intentionally discriminated against on the basis of the plaintiff's membership in a protected class. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir.2001). Under this theory of equal protection, the plaintiff must show that the defendants' actions were a result of the plaintiff's membership in a suspect class, such as race. Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir.2005). Plaintiff has not alleged he was discriminated against. Therefore, Plaintiff has no claim under the Equal Protection Clause.

As for any claims under the Due Process Clause, Plaintiff's right to be free from brutal attack is specifically protected by the Eighth Amendment. Plaintiff does not have a separate and distinct claim under the Fourteenth Amendment. "[W]here a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims." Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996) (citations,

///

internal quotations, and brackets omitted). Neither the Due Process Clause nor the Equal Protection Clause provide a separate and distinct cause of action for Plaintiff's claims.

The alleged violation of departmental regulations does not amount to a violation of the Fourteenth Amendment's Due Process Clause. The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Any state created liberty interest that could be derived from the departmental regulations are liberty interests that are specifically protected under the Eighth Amendment. Thus, Plaintiff's claims are more appropriately construed as Eighth Amendment claims rather than due process claims under the Fourteenth Amendment.

Plaintiff fails to state any claims against any Defendants for violation of his rights under the Fourteenth Amendment.

**C.     State Law Claims**

Plaintiff claims that Defendants violated various sections of the California State Penal Code. The prosecution for violation of criminal statutes is generally left within the discretion of the federal, state, or local prosecutor's office. Criminal statutes generally do not provide for a private cause of action. See, e.g., Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (finding federal criminal statutes, 18 U.S.C. §§ 241, 242, did not provide basis for civil liability). Plaintiff has provided no authority suggesting that the violation of the criminal statutes cited vests in him a private cause of action for civil damages against Defendants. Plaintiff's claims for relief for the violation of California penal statutes are dismissed.

**IV.    Conclusion and Order**

Plaintiff's Second Amended Complaint states cognizable claims against Defendants Huckabay, Milan, Mattingly, Franco, Soares, Jiminez, Bullock, Witt, Rose, Carminati, White,

1 Galvan, and Scott for use of excessive force in violation of the Eighth Amendment. Plaintiff's complaint fails to state claims against any other defendants. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the claims identified in this order as cognizable, Plaintiff may so notify the Court in writing, and the Court will issue a recommendation for dismissal of the other claims and defendants, and will forward Plaintiff thirteen (13) summonses and thirteen (13) USM-285 forms for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, his amended complaint should be brief. Fed. R. Civ. P. 8(a). Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights: "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). In other words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true.

Although Plaintiff's factual allegations will be accepted as true and that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

1    Finally, Plaintiff is advised that an amended complaint supercedes the original complaint. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). The amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:
   a. File an amended complaint curing the deficiencies identified by the Court in this order, or
   b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendants Huckabay, Milan, Mattingly, Franco, Soares, Jiminez, Bullock, Witt, Rose, Carminati, White, Galvan, and Scott for use of excessive force in violation of the Eighth Amendment; and
3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:   September 22, 2009**                    **/s/ Gary S. Austin**
                                                                        UNITED STATES MAGISTRATE JUDGE