IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID POE, | Case No. 1:07-cv-00413-AWI-GBC (PC) |
| Plaintiff, | ORDER GRANTING REQUEST FOR REIMBURSEMENT |
| v. | (ECF No. 74) |
| SGT. HUCKABAY, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  The Court originally ordered service by the United States Marshal on May 17, 2010.  (ECF No. 44.)  The summons was returned unexecuted as to Defendant Milan on August 25, 2010. (ECF No. 47.)

On February 4, 2011, the Court ordered the United States Marshal to re-serve process upon Defendant Milan.  (ECF No. 70.)  The Marshal was directed to attempt to secure a waiver of service before attempting personal service on Defendant.  If a waiver of service was not returned within sixty days, the Marshal was directed to effect personal service on Defendant in accordance with the provisions of Rule 4 of the Federal Rule of Civil Procedure, without prepayment of costs, and to file the return of service with evidence of any attempt to secure a waiver of service and with evidence of all costs subsequently incurred in effecting personal service.

On July 11, 2011, the United States Marshal filed a return of service with a USM-285 form showing total charges of $286.30 for effecting personal service on Defendant Milan. (ECF Nos. 74 & 75.) The USM-285 form also shows that a waiver of service form was mailed to Defendant on March 1, 2011, and that no response was received as of June 14, 2011. (ECF No. 75.)

Rule 4 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> An individual, corporation, or association that is subject to service under subdivision (e), (f), or (h) and that receives notice of an action in the manner provided in this paragraph has a duty to avoid unnecessary costs of serving the summons . . . .
>
> If a defendant located within the United States fails to comply with a request for waiver made by a plaintiff located within the United States, the court shall impose the costs subsequently incurred in effecting service on the defendant unless good cause for the failure be shown.

Fed. R. Civ. P. 4(d)(2). The Court finds that Defendant Milan was given the opportunity required by Rule 4(d)(2) to waive service but failed to comply with the request.

Accordingly, it is **HEREBY ORDERED** that:

1. The July 11, 2011 request by the United States Marshal for reimbursement of service fees related to effecting personal service on Defendant Milan is **GRANTED**.

2. Within twenty-one days from the date of this order Defendant Milan shall pay $286.30 to the United States Marshal, unless within that time Defendant files a written statement showing good cause for the failure to waive service. Defendant is warned that the Court does not intend to extend this twenty-one day period.

3. The Clerk of the Court is directed to serve a copy of this order on the United States Marshal.

IT IS SO ORDERED.

Dated:   August 3, 2011

UNITED STATES MAGISTRATE JUDGE