1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

DAVID POE,                                                CASE NO. 1:07-cv-00413-AWI-GBC (PC)

                 Plaintiff,             FINDINGS AND RECOMMENDATION
   v.                                                  RECOMMENDING DISMISSAL, WITHOUT
                                                          PREJUDICE, OF DEFENDANT GALVAN
                                                          FROM ACTION

SGT. HUCKABAY, et al.,

              Defendants.
_____/

     Plaintiff David Poe ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's Third Amended Complaint, filed on November 30, 2009. (ECF No. 36.)  On April 23, 2010, the Court ordered Plaintiff to provide information to facilitate service of process on Defendants by filling out and submitting to the Court a USM-285 form and a summons for each Defendant to be served. (ECF No. 42.)  Plaintiff submitted the required documents on May 13, 2010, and on May 17, 2010, the Court directed the United States Marshal to initiate service on the fourteen Defendants. (ECF Nos. 43 & 44.)  Thirteen of the fourteen Defendants subsequently made an appearance in this action. (ECF Nos. 49, 63, & 76.)  However, the Marshal was unable to locate and serve Defendant Galvan, and on August 25, 2010, the Marshal returned the USM-285 form to the Court. (ECF No. 47.)  On January 11, 2011, the

1

1   Court ordered Plaintiff to furnish additional information for the initiation of service on Defendant

2   Galvan.  (ECF No. 65.)  Plaintiff did so and service was again attempted by the United States

3   Marshal.  (ECF Nos. 67 & 70.)  However, the Marshal was unable to effectuate service on

4   Defendant Galvan again.  (ECF No. 77.)

5           Pursuant to Rule 4(m),

6           [i]f service of the summons and complaint is not made upon a defendant within
            120 days after the filing of the complaint, the court, upon motion or on its own
7           initiative after notice to the plaintiff, shall dismiss the action without prejudice as
            to that defendant or direct that service be effected within a specified time;
8           provided that if the plaintiff shows good cause for the failure, the court shall
            extend the time for service for an appropriate period.
9
    Fed. R. Civ. P. 4(m).
10
            In cases involving a plaintiff proceeding in forma pauperis, a United States Marshal,
11
    upon order of the court, shall serve the summons and the complaint.  Fed. R. Civ. P. 4(c)(2).
12
    "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S.
13
    Marshal for service of the summons and complaint and . . . should not be penalized by having
14
    his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has
15
    failed to perform his duties.'"  Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting
16
    Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), abrogated on other grounds by Sandin
17
    v. Connor, 515 U.S. 472 (1995).  "So long as the prisoner has furnished the information
18
    necessary to identify the defendant, the marshal's failure to effect service is 'automatically
19
    good cause . . . .'"  Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598,
20
    603 (7th Cir.1990)).  However, where a pro se plaintiff fails to provide the Marshal with
21
    accurate and sufficient information to effect service of the summons and complaint, the court's
22
    sua sponte dismissal of the unserved defendants is appropriate.  Walker, 14 F.3d at 1421-22.
23
            In this instance, the information provided by Plaintiff is not sufficient to locate Defendant
24
    Galvan and have him served.
25
            Accordingly, pursuant to Federal Rule of Civil Procedure 4(m), it is HEREBY
26
    RECOMMENDED that Defendant GALVAN be DISMISSED from this action, WITHOUT
27
    PREJUDICE.
28

                                                   2

1   These Findings and Recommendations will be submitted to the United States District

2   Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

3   **thirty (30) days** after being served with these Findings and Recommendations, the parties

4   may file written objections with the court.  The document should be captioned "Objections to

5   Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to

6   file objections within the specified time may waive the right to appeal the District Court's order.

7   <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

8   IT IS SO ORDERED.

9

Dated:   September 2, 2011

10   UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28