# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID POE, | CASE NO. 1:07-cv–00413-AWI-GBC (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING TO DENY PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTION |
| v. | |
| SGT. HUCKABAY, et al., | |
| Defendants. | Docs. 107, 111, 112 |
| | / OBJECTIONS DUE WITHIN 21 DAYS |

**Findings and Recommendations**

On February 28, 2007, Plaintiff David Poe ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. Doc. 1. Defendants were employed at Pleasant Valley State Prison. *See id.* On January 30, 2012, the Court issued findings and recommendations, recommending granting Defendants' motion for summary judgment, and dismissing this action, with prejudice. Doc. 101. On March 27, 2012, Plaintiff filed a motion for the Court to transfer him away from California Correctional Institution. Doc. 107. On June 28, 2012, Plaintiff filed a motion for the Court to transfer him away from Kern Valley State Prison. Doc. 111. On July 9, 2012, Plaintiff filed a letter alleging deprivation of property and retaliation against prison officials at Kern Valley State Prison. Doc. 112. The Court construes these as motions for a preliminary injunction.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the

1  balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural*
2  *Resources Defense Council, Inc.*, 129 S. Ct. 365, 374 (2008). The purpose of preliminary injunctive
3  relief is to preserve the status quo or to prevent irreparable injury pending the resolution of the
4  underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir.
5  1984).

6  Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must
7  have before it an actual case or controversy. *City of L.A. v. Lyons*, 461 U.S. 95, 102, (1983); *Valley
8  Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 47
9  (1982). If the court does not have an actual case or controversy before it, it has no power to hear the
10  matter in question. *Lyons*, 461 U.S. at 102. Thus, "[a] federal court may issue an injunction [only]
11  if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may
12  not attempt to determine the rights of persons not before the court." *Zepeda v. United States
13  Immigration Serv.*, 753 F.2d 719, 727 (9th Cir. 1985).

14  The pendency of this action does not give the Court jurisdiction over prison officials in
15  general or other prisons. *Summers v. Earth Island Institute*, 555 U.S. 488, 491-93 (2009); *Mayfield
16  v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties
17  in this action and to the viable legal claims upon which this action is proceeding. *Summers*, 555 U.S.
18  at 491-93; *Mayfield*, 599 F.3d at 969. Plaintiff's claims in this case concerned actions at Pleasant
19  Valley State Prison. Therefore, the Court lacks jurisdiction over prison officials at California
20  Correctional Institution or Kern Valley State Prison. In addition, Plaintiff has not demonstrated a
21  likelihood of success on the merits of his action. *Winter*, 555 U.S. at 20. The Court has issued
22  findings and recommendations, recommending granting Defendants' motion for summary judgment,
23  and dismissing this action, with prejudice. Finally, Plaintiff has not demonstrated irreparable harm
24  from his allegations of deprivation of property.

25  Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motions for preliminary
26  injunction, filed March 27, 2012, June 28, 2012, and July 9, 2012, should be DENIED.
27  //
28  //

1    These Findings and Recommendations will be submitted to the United States District Judge
2  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21)**
3  **days** after being served with these Findings and Recommendations, the parties may file written
4  objections with the Court. The document should be captioned "Objections to Magistrate Judge's
5  Findings and Recommendations." The parties are advised that failure to file objections within the
6  specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d
7  1153, 1156-57 (9th Cir. 1991).

8  IT IS SO ORDERED.

9
10  Dated:    July 23, 2012                                   UNITED STATES MAGISTRATE JUDGE